UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY FRANCIS FISHER,
    Plaintiff,

v.

ROBERT S. MUELLAR,
    Defendant.

Case No. 16-cv-06191-WHO (PR)

**ORDER TO SHOW CAUSE**

Plaintiff Gary Francis Fisher, aka Sonny Barger II, aka Gary Dale Barger, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. **Fisher is ordered to show cause on or before January 16, 2017 why 28 U.S.C. § 1915(g) does not bar pauper status in these actions.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the law of this Circuit, plaintiff must be afforded an opportunity to persuade the Court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Fisher has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted:

(1) *Fisher v. FBI*, No. 1:13-cv-0414 LJO SAB P (E.D. Cal. 2013) (dismissed for failure to state a claim);

(2) *Barger v. FBI*, No. 1:13-cv-0535 DLB P (E.D. Cal. 2013) (dismissed for failure to state a claim);

(3) *Barger v. Casey et al.*, No. 2:13-cv-8889 UA MAN P (C.D. Cal. 2013) (dismissed as frivolous, malicious or fails to state a claim);

(4) *Fisher v. Bivens, Six Unknown Agents*, No. 2:14-cv-01439 UA MAN P (C.D. Cal. 2014) (dismissed for failure to state a claim);

(5) *Barger v. Hardy, et al.*, No. 2:15-cv-01373-VBF-MAN (C.D. Cal. 2015) (dismissed for failure to state a claim); and

(6) *Barger v. Tucker, et al.*, No. 2:15-cv-02464-VBF-MAN (C.D. Cal. 2015) (dismissed for failure to state a claim).

1   The Court also takes judicial notice of the National Pro Se Three-Strikes Database, which designates Fisher a three-strikes litigant.  *See* http://nprose.circ9.dcn/Litigant.aspx.

Fisher therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury that is "imminent" at the time of filing.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these dismissals, and because Fisher does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why IFP status should not be denied and these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g).  Fisher's response to this order to show cause is due no later than January 16, 2017.  **No extensions of time will be granted.**  The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."  In the alternative to showing cause why this action should not be dismissed, Fisher may avoid dismissal by paying the full filing fee of $400.00 by the deadline.

Failure to file a response, or pay the full filing fee, by January 17, 2017 will result in the dismissal of this action without prejudice to bringing his claims in a new paid complaint.

**IT IS SO ORDERED.**

**Dated:**  December 2, 2016



WILLIAM H. ORRICK
United States District Judge