UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER, aka SONNY BARGER,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. MUELLAR, et al.,<br><br>Defendants. | Case No. 16-cv-06191-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 12, 31 and 33 |

    Plaintiff Gary Francis Fisher, aka Sonny Barger, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[1]

    Fisher was ordered to show cause why the action should not be dismissed under section 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The order identified six prior federal court actions ("strikes") that appeared to count under

---

[1] The action was transferred to this Court from the Eastern District.

section 1915(g); noted that Fisher had been designated a three-strikes litigant under the National Three-Strikes Database; and informed him could avoid dismissal by paying the filing fee by the deadline.

In response, Fisher sent the Court eighteen filings: twelve letters, four motions or requests, a declaration, and one filing labelled as a response to the order to show cause. In none of these filings does he dispute that the federal actions cited by the Court qualify as strikes for purposes of § 1915(g). Rather, he alleges he was under imminent danger of serious physical injury at the time of filing, which therefore qualifies him for the exception under section 1915(g).

The plaintiff has the burden of proving that he meets the requirements of this exception to section 1915(g) by demonstrating that he is in imminent danger of serious physical injury. The plain language of the imminent danger clause indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The conditions that existed at some earlier or later time are not relevant. *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the section 1915(g) analysis).

The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger -- the standard adopted by the Eighth Circuit -- is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056

(internal quotation marks omitted).

Here, the question is whether Fisher was in imminent danger on October 13, 2016, when he filed his complaint.[2] The allegations fail to show that he was. In his complaint, plaintiff alleges a variety of claims, including an allegation that on November 27, 2013, several persons attempted to murder him at Pelican Bay State Prison.[3] (Compl. at 3.) Because these alleged events occurred in 2013, three years before the time Fisher filed suit in 2016, they do not and cannot show that he was in imminent danger at the time of filing. His other allegations (a wrongful criminal conviction and unfilled FOIA requests) also do not qualify under the imminent danger exception.

The allegations in his response to the order to show cause are also insufficient. Fisher alleges that he suffers from a brain injury; pain caused by a musculoskeletal condition (which also confines him to a wheelchair); waning ability to use his hands; and unrelated acts of past retaliation, discrimination, and delayed medical treatment from prison employees that occurred at different times at different prisons. (Response to Order to Show Cause, Dkt. No. 26, at 1-8.) He also alleges without elaboration that he is "at risk from assaults from an unknown enemy." (*Id.* at 6.) These allegations of general and long-standing bad health and past unrelated acts of mistreatment do not show he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception). His allegation regarding an unknown enemy does not contain sufficient factual matter to state a plausible claim of imminent serious physical injury. Other courts have found similar allegations raised by Fisher insufficient to qualify under the imminent danger exception. *See, e.g., Barger v.*

---

[2] The complaint was received and filed on October 13, 2016. Usually, the Court would not use this date as the filing date. Rather, it would use the date a plaintiff enters next to his signature on the complaint. This is not possible here because Fisher put "11-11-15" next to his signature. It is unlikely that Fisher put the complaint in the mail over a year ago.

[3] The accused persons are Robert S. Mueller, the former Director of the FBI; various employees of Pelican Bay State Prison; and another FBI agent.

*Kern County Superior Court*, No. 1:14-cv-01628 LJO DLB PC (E.D. Cal. 2014); *Barger v. Kern County Superior Court*, No. 1:14-cv-01667 LJO SAB PC (E.D. Cal. 2014); and *Barger v. Mueller*, No. 1:16-cv-00444 AWI SKO PC (E.D. Cal. 2016).

In sum, Fisher has not shown any reason that the restrictions of section 1915(g) should not be imposed. He failed to pay the filing fee; show that any of the strikes do not qualify under section 1915(g); show that he qualifies for the imminent danger exception; and otherwise show cause why this action should not be dismissed.

Accordingly, Fisher's IFP application (Dkt. No. 12) is DENIED. The action is DISMISSED without prejudice to Fisher bringing his claims in a new paid complaint. The Order to Show Cause is DISCHARGED.

Fisher's motion to produce documents (Dkt. No. 31) and his motion to be heard (Dkt. No. 33) are DENIED as moot.

The Clerk shall terminate Dkt. Nos. 12, 31 and 33, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 9, 2017



WILLIAM H. ORRICK
United States District Judge